BROWN, administrator, *v.* STORY.

One who purchases land from a person in possession who has no title but who has made with the owner a parol contract to purchase, (whether such second purchaser pays his vendor the agreed price or not), acquires no title and no equity as against the owner; but he can, after obtaining a conveyance from his immediate vendor, protect himself as against any claim by the owner for purchase money, if the latter executes and delivers a conveyance to his own immediate vendee. The mere execution, however, of such a conveyance, without completing delivery thereof, will afford no protection. In the present case the action being brought to recover the land because of the non-payment of a part of the purchase money, the controlling and decisive question is whether there was an actual and complete delivery by the plaintiff's intestate of the deed which purported to convey the land to the defendant's vendor. Let this question alone be tried and determined by the jury on the next trial.

August 14, 1894.

Complaint for land. Before Judge FISH. Dooly superior court. March term, 1893.

BUSBEE & CRUM, by brief, for plaintiff.

J. H. MARTIN, for defendant.

SIMMONS, Justice.

Bedgood bought from Brown a lot of land in Dooly county, and gave his promissory notes for the purchase money, but received no deed or other contract in writing from Brown. Bedgood subsequently sold the land to Story. The present action was brought by the administrator of Brown to recover the land because of the non-payment of a part of the purchase money. It appears that when Story purchased the land from Bedgood, the latter was in possession, but, as stated, had no title, having gone into possession under a parol agreement on the part of Brown to convey him the land, and not having paid the purchase money. Story, therefore, acquired no title and no equity as against Brown by his purchase from Bedgood. It was contended, however,

that Story was protected by a deed subsequently made by Brown to Bedgood. There was some dispute as to whether there was an actual and complete delivery of this deed, or whether Bedgood got the deed without such a delivery. If Brown executed and delivered a conveyance of the land to Bedgood, Story, after obtaining a conveyance from Bedgood, would be protected against any claim of Brown for the purchase money; but the mere execution of the deed from Brown to Bedgood, without a complete delivery thereof, would afford no protection. The evidence failed to show an actual and complete delivery of the deed. This being the controlling and decisive question in the case, the court did not err in granting a second new trial on the ground that the verdict was contrary to law and the evidence; and we affirm the judgment, with direction that this question alone be tried and determined on the next trial of the case.            *Judgment affirmed, with direction.*