STORY *v.* BROWN.

1. Where exceptions *pendcnte lite* were filed by a defendant to the allowance of an amendment to the plaintiff's declaration, and after a verdict for the latter a judgment of the trial court granting a new trial was brought to this court by the plaintiff, the defendant filing no cross-bill of exceptions, which judgment was affirmed with direction that the case be tried again upon a single issue of fact, it was too late, after another trial had in compliance with this direction and resulting in another verdict for the plaintiff, which the trial judge refused to set aside, for the defendent to bring to this court for review the questions made in the original exceptions *pendente lite.*

2. This court will not grant a new trial upon the ground that the court below refused to allow a witness to answer certain questions, it not being stated nor otherwise appearing what the party by whom the questions were asked expected to prove in answer to the same.

3. There was evidence sufficient to warrant the verdict rendered by the jury upon the sole question of fact submitted to them under the direction heretofore given by this court in this case, and there was no abuse of discretion in refusing to set the verdict aside.

4. At the end of the opinion delivered in this case at the March term, 1894 (94 *Ga.* 289), an error was inadvertently committed in stating the reason why the judgment granting a former new trial was upheld. That judgment was affirmed because this court was unwilling to interfere with the discretion of the trial judge in granting even a second new trial upon doubtful and uncertain evidence.

June 12, 1896. By two Justices. Argued at the last term.

Complaint for land. Before Judge Fish. Dooly superior court. August 2, 1895.

*J. H. Martin,* for plaintiff in error.
*Busbee, Crum & Busbee,* contra.

SIMMONS, Chief Justice.

1. This suit was filed at the March term, 1891, of Dooly superior court. At the September term, 1892, the plaintiff amended the declaration. The defendant demurred to the amendment and the demurrer was overruled, and he then filed exceptions *pendente lite* to the overruling of

the demurrer. The case was tried at the September term, 1893, and a verdict was rendered in favor of the plaintiff. Upon a motion for a new trial by the defendant, the court set the verdict aside, and the plaintiff excepted and brought the case to this court. This court affirmed the judgment and directed that the case be tried again upon a single issue of fact, that is, whether there was a sufficient delivery of the deed from Brown to Bedgood (94 *Ga.* 288). The case was again tried at the November term, 1894; the jury returned another verdict for the plaintiff, and the defendant made a motion for a new trial which was overruled, and he excepted. In the bill of exceptions he assigned error upon the exceptions *pendente lite* taken by him at the September term, 1891. The defendant in error contended, in their argument before this court, that this assignment of error was too late. We think the contention was well taken. Section 4250 of the code declares, that "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. But at any stage of the cause, either party may file his exceptions to any decision, sentence, or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case, at its final termination, be carried by writ of error to the Supreme Court by either party, error may be assigned upon such bills of exception, and a reversal and new trial may be allowed thereon when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." Speaking for myself, I think that when a verdict and judgment have been rendered, that is a final disposition of the case in the superior court, and if a motion for a new trial is granted and the case is brought to this court, the

party filing exceptions *pendente lite* ought to bring them at the same time, even though the court has granted him a new trial on other grounds of error taken in his motion. But whether this is so or not, when the case is brought here and all the questions of law made in the record are decided by this court and direction is given that it be tried again upon a single issue of fact, we think it is too late, when the party who has filed exceptions *pendente lite* on a former trial loses his case, to then assign error thereon.

2. It is complained that the trial judge erred in refusing to allow a witness to answer certain questions propounded to him by counsel for the defendant, but it does not appear what the defendant expected to prove in answer to the questions. We are, therefore, unable to say whether the refusal to allow these questions answered was so far harmful to the defendant as to require the grant of a new trial.

3. When the case was here before, it was held that the controlling and decisive question was whether there was an actual and complete delivery by the plaintiff's intestate of the deed which purported to convey the land to the defendant's vendor, and it was directed that this question alone be tried and determined by the jury at the next trial. It seems from the evidence on the last trial, that the parties to the transaction met and Brown signed the deed in the presence of two witnesses. They had agreed at that meeting, that inasmuch as Bedgood had sold the land to Story, he (Bedgood) should give Brown the notes of Story in lieu of his own. In other words, instead of executing any notes himself, he should get Story to give his notes, and he (Bedgood) would deliver them to Brown with his indorsement thereon. How Bedgood got the deed from Brown does not appear, but the understanding and agreement between them was that they were to meet the next day at the house of a certain justice of the peace, where Bedgood was to deliver Story's notes to Brown, and Brown

was to acknowledge the deed.  Brown went to the house of the justice of the peace at the time appointed, but Bedgood failed to appear, and did not deliver the notes as agreed, and Brown did not acknowledge the deed.  "The question of the delivery of a deed is always one of intention; and the mere fact that an instrument of conveyance has passed from the hands of the owner of the property to the party named therein as grantee does not in itself constitute or establish a delivery."  "The crucial test in all cases is the intent with which the act or acts relied on as the equivalent or substitute for actual delivery were done; and this intent is to be gathered from the conduct of the parties, particularly of the grantor, and all the surrounding circumstances."  1 Warvelle, Vendors, p. 503, and cases cited.  There was sufficient evidence in this case to warrant the jury in finding that there was no actual and complete delivery of the deed to Bedgood; and the trial judge did not err in refusing to grant a third new trial.

4. The writer of this opinion wrote the opinion of the court when the case was here before, and at the conclusion of the opinion stated inadvertently that the court below did not err in granting a new trial on the ground that the verdict was contrary to law and evidence.  It is true that the grounds of the motion for a new trial with which we were then dealing were simply that the verdict was contrary to law and to the evidence, and the judge granted a new trial generally.  We meant simply to hold, however, that in our opinion the evidence was of a doubtful, uncertain character; and should have stated that we affirmed the judgment because we were unwilling to interfere with the discretion of the trial judge in granting even a second new trial where the evidence, as it appeared to us, was of this character.                          *Judgment affirmed.*