## WILLINGHAM, guardian, *v.* SMITH *et al.*

1. Even if, in order to invest an imbecile with title to land it may not be absolutely essential that there should be in every instance a manual delivery to such imbecile, or some one else for him, of a voluntary conveyance in which he is named as grantee, yet no effect can be given to an instrument of that character which the maker thereof, after signing and acknowledging in the presence of witnesses, retained in his own custody, in the absence of satisfactory proof that it was his intention that such instrument should operate to immediately convey to the imbecile the legal title to the premises therein described.

2. Whether the facts constitute a delivery of a deed is a question of law; whether such facts exist is a question for the jury. Where the undisputed facts are insufficient to constitute a delivery of the deed, the court need not submit the issue of delivery to the jury.

No. 2124.   FEBRUARY 16, 1921.

Equitable petition. Before Judge Terrell. Troup superior court. May 21, 1920.

*E. A. Jones,* for plaintiff.

*A. H. Thompson* and *F. P. Longley,* for defendants.

GEORGE, J. The plaintiff, as guardian of Hughey Smith, filed a petition in equity against Mrs. Hattie Smith and Mrs. Nena Myers Boney. The purpose of the suit was to have title to a tract of land in Troup county decreed in plaintiff as guardian of Hughey Smith, and to have recovery of the land, with judgment for rents and profits. At the conclusion of the plaintiff's evidence the court granted a nonsuit, and the plaintiff excepted. The petition and the evidence made the following case: Hughey Smith had been since birth an idiot. He was a cousin of Sam P. Smith, with whom he resided for many years, and until the death of Sam P. Smith in 1910. Sam P. Smith died intestate, leaving his widow and adopted daughter, the defendants in the suit, as his sole heirs at law. Some time prior to his death (the exact time not being disclosed) Sam P. Smith made a deed to the land in question, to Hughey Smith for life, with remainder to Mrs. Nena Myers Boney. The deed was attested in the presence of two witnesses, one of them being an official witness. It was never recorded. After the

death of Sam P. Smith the deed was found among the private papers of the maker and in an envelope marked, in the handwriting of the maker, " For Hughey." The envelope also contained certain corporate bonds. Sam P. Smith also made deeds to certain other relatives, but none of these deeds were recorded or delivered. Some time prior to his death (the exact time not being disclosed), he stated to a witness " that he had made Hughey a deed to the Cleveland Place, " the land involved, and that he had also made deeds to certain other named relatives. About three days before his death he again stated to the same witness, " I am not able to do any business to-day, but you come back in a short time. I want to turn those papers over to you." The witness was trustee for Mary Paul Smith, a minor, to whom Sam P. Smith wished to make a gift of certain stocks and bonds.

A legal act does not come into existence as such until its utterance is final. At common law a deed of grant came into existence as such at the stage known as " delivery." Hence, the delivery of a deed is essential to its validity, that is the delivery is a part of the execution thereof. The expression " delivery," as applied to written instruments, had its inception in connection with written conveyances of lands. Nevertheless the question of delivery seems identical, whatever the character of the deed or covenant. 1 Williston on Contracts, 424, § 211. In the early English cases the delivery of a deed of grant was regarded as in effect the symbolical transfer of the land itself, analogous to livery of seisin. Hence, a physical or manual delivery was deemed essential. Contrary to the doctrine of the earlier cases, the modern English view seems to be that delivery is largely a question of intention. In Xenos v. Wickman, L. R. 2 H. L. 296, followed in Roberts v. Security Co. (1897), 1 Q. B. 111, it was held that a policy of insurance was delivered though still in the possession of the insurer, on the ground that the evidence showed an intention on the part of the insurer to execute the policy as an immediately binding obligation. The Supreme Court of this State, in *New York Life Ins. Co. v. Babcock*, 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134), though it did not go quite so far as the English decisions, seems to have accepted the English doctrine that the thing essential to delivery is some manifestation by word or act on the part of the insurer that the instrument is to be an immediately binding obli-

gation. Nevertheless the Civil Code (1910), § 4179, provides that
" A deed to lands in this State must be in writing, . . and de-
livered to the purchaser or some one for him." Under the decisions
of this court, delivery, as applied to deeds, depends not only on
act but also on intent. In deeds of bargain and sale and in volun-
tary deeds, the mere manual delivery to the grantee or donee is
not sufficient; an intention to surrender dominion must be present.
*Story* v. *Brown,* 98 *Ga.* 570 (25 S. E. 582) ; *Ross* v. *Campbell,* 73
*Ga.* 309; *O'Neal* v. *Brown,* 67 *Ga.* 707 (2) ; *Bowman* v. *Owens,*
133 *Ga.* 49, 51 (65 S. E. 156). The delivery of a deed is complete
as against the maker at the moment when the deed is in the hands or
in the power of a grantee or donee or some one for him, with the
consent of the grantor and with the intention that the grantee shall
hold it as a muniment of title. *O'Neal* v. *Brown,* supra. See also
*Lowry* v. *Lowry,* 150 *Ga.* 324 (103 S. E. 813, 814), and cases there
cited. In view of the statute quoted above, and the decisions of
this court, whether a deed has been delivered can not be made to
turn merely on the question of intention. But since the donee in
the deed in the instant case was an imbecile, it is said that it was
impossible to have made delivery to him, and was unnecessary that
the deed be actually passed from the hands of the donor to the
donee or to some one else for him. Where a deed is executed in
behalf of an infant its delivery to a witness of the deed for the
benefit of the infant grantee is delivery to the infant. *Watson* v.
*Myers,* 73 *Ga.* 138. " Where a grandfather delivers to a father a
deed conveying to the latter's daughter (an infant of tender years),
in consideration of love and affection, title to a tract of land, such
delivery to and possession of the deed by the father is evidence of
delivery to the infant. This is true although the deed does not
purport on its face to be delivered, but, being signed and witnessed
by two persons neither of whom was an officer, was afterward pro-
bated by one of the witnesses and duly recorded. " *Parker* v. *Sal-
mons,* 101 *Ga.* 160 (3), 166 (28 S. E. 681, 65 Am. St. R. 291). In
*Jenkins* v. *Southern Railway Co.,* 109 *Ga.* 35 (34 S. E. 355), it
was ruled: " Even if, in order to invest an infant of tender years
with the title to land, it may not be absolutely essential that there
should be in every instance a manual delivery to such infant him-
self, or to a third person as his agent, of a voluntary conveyance
in which he is named as grantee, yet no effect can be given to an

instrument of that character which the maker thereof, after sign-
ing and acknowledging in the presence of witnesses, retains in his
own custody, in the absence of satisfactory proof that it was his
intention that such instrument should operate to immediately con-
vey to the infant grantee the legal title to the premises therein
described." The question, therefore, is whether the deed can be
treated as ever having become an operative deed. It was retained
by the maker, and was never recorded. The record discloses that
the maker of the deed was a man of affairs. We are authorized to
infer that he was familiar with the forms of procedure requisite to
make a valid conveyance of real estate, in view of the fact that he
had requested the witness, a kinsman, to whom he had imparted
the information that he had made deeds to several of his relatives,
including Hughey Smith, to " come back in a short time," adding,
" I want to turn those papers over to you." The most that can
be said is that Sam P. Smith signed the deed for the purpose of
thereafter delivering the same. Under the evidence, a finding that
any of the acts or words of the maker were intended by him as
delivery of the deed, or that by his acts and declarations he in-
tended the deed to become presently operative as a conveyance of
title, was unauthorized. This being true, the court did not err
in granting a nonsuit. *Hill* v. *Merritt*, 146 *Ga.* 307 (91 S. E. 204).

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.