## STINSON, next friend, *v.* WOODLAND BANK.

It is essential to the validity of a deed of bargain and sale to land that it be delivered to the purchaser, or to some one for him, and acceptance of the instrument is necessary to a complete delivery. In this case the grantor's undisclosed intention alone that the instrument should be effective as a deed did not constitute delivery. His purpose to deprive himself of power and control over the instrument for the benefit of the

grantee should have been shown. The court did not err in directing a verdict finding the property levied on subject to the execution.

No. 2709. SEPTEMBER 26, 1922.

Claim. Before Judge Munro. Talbot superior court. June 3, 1921.

On March 19, 1915, the Woodland Bank recovered a judgment against W. D. Stinson and others. An execution issued thereon was, on November 8, 1916, levied on a one-fourth undivided interest in 360 acres of described land as the property of W. D. Stinson, the levy reciting he was then in possession. W. D. Stinson, as the next friend of James H. Stinson, Annie Stinson, and Mary Stinson, his minor children, filed a statutory claim for them to such one-fourth undivided interest in the land. On the trial of the issue made by the claim the burden was assumed for the claimants. A deed dated October 22, 1900, from Mary S. Richards, conveying the 360 acres of land to Annie S. Richards, was introduced in evidence for the claimants. W. D. Stinson, defendant in fi. fa., and next friend of the claimants, testified in their behalf, that they were the minor children of Annie S. Richards, whom he married, and himself; that she died intestate in 1908, leaving him and these three minor children as her only heirs; that he was in possession of all the land, was transacting the business of his three children, that he had spent $600 of their money; that he owed them that much, and, to use his language, " I paid them the money by making this deed, without any agreement on their part, or anybody representing them. It was without their consent. I have never qualified for guardian for my children." The deed referred to by the witness, which was put in evidence for the claimants, was from himself to his three minor children, for whom he interposed the claim, dated April 27, 1912, conveying to them his one-fourth undivided interest in the 360 acres of land, the consideration stated being $600. The attestation recited that it was signed and sealed in the presence of the two witnesses, one of whom was an ex-officio justice of the peace, but the word " delivered " was omitted. It was recorded February 23, 1917. It appeared from the testimony of the witnesses that at the date he executed the deed the respective ages of his children were approximately ten, eight, and five years.

There being no other evidence, the court directed a verdict for plaintiff in execution, finding the property subject. The claimant

moved for a new trial, which was refused. The motion contained the usual general grounds that the verdict was contrary to law and the evidence and without evidence to support it, and the special grounds by amendment: (1) That the court erred in refusing to permit the witness Stinson to testify that he remained in possession of the land as the agent of his children; and that it was his intention, at the time he executed the deed to them, to convey the title to them, and for the deed to operate as an immediate conveyance of title to them. (2) That the court erred in directing a verdict finding the property subject, and adjudging that "under the law there was no delivery of the deed in question until its record. Hence there was no valid conveyance of the land to the minors until the deed was recorded. It being recorded after the rendition of the judgment, the property is subject to the fi. fa. of the plaintiff." This judgment was complained of as error on the following grounds: (a) "The delivery of the deed was a question of fact solely for the jury." (b) The recording of a deed to minors is not required in law, to make a valid conveyance. (c) The disabilities of minors cannot be set up to defeat their interest. (d) In law the father had a right to execute the deed to his children and to hold it in his possession, they being minors and no guardian having been appointed. (e) The deed recorded after the judgment rendered did not give the prior judgment a superior lien. (f) The question of fact as to the delivery of the deed and of its conveying title was for the jury to pass upon, and was not in the province of the court. (g) The recording of the deed was not a matter a creditor could complain of; it was a question that only affected junior purchasers of land from the same grantor." A new trial was refused, and the claimant excepted.

*J. J. Bull & Son,* for plaintiff in error.

*John H. McGehee* and *John A. Smith,* contra.

Fish, C. J. (After stating the foregoing facts.) The Civil Code (1910), § 4179, declares: "A deed to lands in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration. The consideration of a deed may be always inquired into when the principles of justice require it." The controlling question in the case is,

whether the deed made by Stinson to his children of tender years was delivered. The deed to them was not a voluntary conveyance, but was one of bargain and sale, the alleged consideration being $600, which he testified he owed his children. It does not appear that he made any declaration to any one at any time as to his intention in executing the paper. It was never in the possession of the grantees or of any one else for them, but grantor kept the possession of it and the dominion over it. He also retained the possession of the land described in the deed; but he offered to testify that he held it as agent for the children. The judgment was obtained against him in March, 1915. The levy of the execution issued on the judgment was made in November, 1916. His deed to the children was recorded on February 23, 1917.

The acceptance of a deed of bargain and sale is essential to a complete delivery. *Stallings* v. *Newton,* 110 *Ga.* 875 (36 S. E. 227). There was no evidence of acceptance by the grantees or by any one for them. Nor was there any evidence as to the value of the undivided interest in the land conveyed by the grantor to his children. It may not have been worth anything like $600; and the children may have repudiated the conveyance after becoming of age. It was necessary to have two parties to the delivery of the deed, but here there was only one, the grantor; there must have been the concurrence of two minds in the transaction, but here there was only one mind, that of the grantor. The act of the grantor in executing the instrument was never mentioned to the grantees; his retention of its possession and dominion over it was not in subordination to the grantees, but was independent of their will, whatever it might be, although he may have secretly considered that he was in possession as the agent of his minor children.

To make a deed effective at the time of its execution, there must be satisfactory proof that it was the intention of the grantor that the instrument should operate to immediately convey to the grantee title to the premises therein described. *Willingham* v. *Smith,* 151 *Ga.* 102 (106 S. E. 117). The grantor's undisclosed intention alone that the instrument should be effective as a deed will not constitute delivery. His purpose to deprive himself of power and control over the instrument for the benefit of the grantee must be shown. Fortune *v.* Hunt, 149 N. C. 358 (63 S. E. 82); Zoerb *v.* Paetz, 137 Wis. 59 (117 N. W. 793); 1 Dev.

Real Est. (3d ed.) 263; Justice *v.* Peters, 168 Ky. 583 (182 S. W. 611, 613).

Under the facts of the case and the law applicable thereto, the verdict finding the property subject to the execution was demanded, and the court did not err in directing such a verdict.

*Judgment affirmed. All the Justices concur.*