KESLER *et al. v.* VERNER, trustee, *et al.*

1. No title is conveyed by the mere execution of a deed when there has been no delivery of the writing to the grantee, who declines to accept the land as a gift, and on the contrary disclaims any right, title, or interest in the property.

2. Permissive possession can never be the basis of prescriptive title.

3. The evidence disclosed that the promoters and patrons of a school had for more than 50 years maintained a school upon the tract of land in question which originally had been conveyed in 1848 by Henry Kesler to the Society at Prospect of the Methodist denomination. More than one school building had been erected upon the church lot in bygone years, and teachers and pupils of the schools have apparently been unrestricted in their use of any and all portions of the land belonging to the church. However, the original use of the property for school purposes was permissive. The officers and members of the church joined heartily in the erection of the first schoolhouse, and there is no evidence

sufficient to show a claim of hostile possession adverse to the rights of the church prior to the execution of the deed dated February 5, 1924, to the board of education of Franklin County, which the latter refused to accept. The evidence does not disclose when, if ever, the properly constituted authorities of the church surveyed, staked out, measured, or defined by marks, natural or artificial, the precise corners and boundaries of the specific acre described in the alleged deed. The fact that the authorities in charge of the school were permitted to set out trees and flowers around the schoolhouse which they had been permitted to erect, in view of the other evidence in the case, is wholly insufficient in the circumstances to evidence such adverse possession as is an essential basis of a prescriptive right.

4. Applying the principles stated in the foregoing headnotes, it was error to refuse the interlocutory restraining order prayed.

No. 4565.  SEPTEMBER 22, 1925.

Petition for injunction. Before Judge Hodges. Franklin superior court. September 13, 1924.

Certain members of Prospect Church, of the Methodist denomination, filed a petition against certain named persons as individuals and as trustees of Prospect School, others as individuals and alleged trustees of Prospect Church, and the board of education of Franklin County, composed of certain men who are named in the petition. It is alleged that on August 19, 1848, Henry Kesler executed a certain warranty deed conveying to the "Society at Prospect" certain described land containing ten acres. The Society at Prospect, the grantee in said deed, consisted of the membership of the church at that place, with a building located on said described land, of the Methodist denomination, now called Methodist Episcopal Church, South, and petitioners as members of said church have an interest in said property. It is further alleged that on February 5, 1924, the defendants, who now claim to be trustees of Prospect Church, executed a deed purporting to convey a described parcel of land, which is a portion of the land deeded to the Society by Henry Kesler in 1848, containing one acre, more or less, to the board of education of Franklin County, to be used for school purposes and for the purpose of having erected thereon the necessary building to carry on a public school at said place under the supervision of the board of education of Franklin County and the board of education of Banks County, and to revert to the trustees of Prospect Church at such time as it should cease to be used for school purposes. It is alleged that in pursuance of said deed there is now being erected on said lot a building to be used for school

purposes, and the defendants through their agents and employees have cut valuable timber from said property and have and are injuring and damaging the property of the Prospect Church by their continued trespassing upon said property and by cutting said timber and erecting said school building. Said building is being erected within one hundred yards of the church building on said property, and the alleged deed cuts off an acre of land, the boundary of which runs within a few feet of the church building, and it will irreparably damage said church property to have said building erected. The deed from the alleged trustees of the church to the boards of education is attacked as void, for the reasons: (a) that, although said deed purports to be made by certain named individuals as trustees of Prospect Church, it appears that said deed is not signed by any of the parties named therein, with the exception of one named individual. (b) Said deed was executed on February 5, 1924, and on said date only two of the parties signing the same were trustees of said church, and none of the parties signing the same had any authority to execute title to the property of Prospect Church. (c) Said deed is void for the further reason that, by the terms of the deed executed to the Society at Prospect, title to the property is vested in the Church at Prospect of the Methodist denomination, and not in the trustees of said church, and said property or any part thereof can only be conveyed by a majority of the membership of the church and then only by a majority vote of the church in conference duly called and assembled, and no such authority has been given by a majority of the membership of said church. Petitioners further allege that the parties signing said deed to the board of education aforesaid were not, on February 5, 1924, the legally constituted board of trustees of said church, and are not now the legally constituted board of trustees, and have no authority to deal with the property of said church; and that the use to which it is proposed to put said property is contrary to the purposes for which the deed of gift was executed in 1848, and the alleged deed of the parties who have presumed to act for the church is a cloud upon the title of the church and should be canceled as such. The petitioners pray that the defendants be restrained and enjoined from proceeding further with the erection of the school building on said property, and from trespassing thereon in any manner; that the alleged

deed to the board of education be canceled as a cloud upon the title of Prospect Church; that petitioners have and recover for Prospect Church the property described in said deed, and have an accounting for the use of Prospect Church for the timber cut and for the damage done to the church property.

Upon this petition the trial judge granted a restraining order and rule nisi, as prayed. The board of education of Franklin County, through its members, filed an answer in which they deny that the alleged deed was delivered to them, or that they have exercised or attempted to exercise any ownership or control over the property described in said deed, or authorized any one to act for them, or participated either directly or indirectly in the erection of any building upon the premises. These defendants "desire to deny any allegation" in said petition "that would tend to show ownership or control of said described property by them, directly or indirectly." Further answering, these defendants say that said alleged deed, in which they are named as grantees, has never been delivered to them, or to any person for them, and they do not and have not claimed any ownership, custody, control, or possession of any kind or character over the premises therein described, and they hereby renounce any and all claims of possession, custody, or control and title to said premises, and defendants have no objection to said deed being canceled as prayed. The other defendants named in the petition filed an answer in which they set up that the deed executed to the board of education was signed on May 17, 1924, by two named trustees of the church in accordance with certain instructions of the quarterly conference of the Toccoa Circuit charge, which embraces Prospect Church, and that the other five named parties executed the same deed acting as trustees for said church in accordance with similar instructions from said quarterly conference on or about July 7, 1924; that in conveying said property defendants were acting in accordance with instructions of said church conference, which is the church tribunal having jurisdiction over Prospect Church under the church discipline. Defendants further show that the one-acre lot of land has been used as a site for a school building and playground for school children of the Prospect School District since February, 1895, the trustees and patrons of Prospect School District having erected the present school building on said lot of land on that date, and a

school has been conducted on said premises continuously during school term since said date; that since February, 1895, the trustees of Prospect School District have been in the open, notorious, adverse, public, continuous, exclusive, uninterrupted, and peaceable possession in their own right, in good faith, of said lot of land, and have cut timber therefrom, erected the school building thereon, and have planted fruit trees, flowers, etc., on said property, and have used same as a playground for the school children, and their occupancy of said land has been so notorious as to attract the attention of every one and prevent the actual occupation of same by any one else. Defendants further show that the parties who executed the deed aforesaid did so as trustees of said church, and not as individuals. They pray that the suit be dismissed; that if it should appear to the court that the deed referred to is otherwise valid, the same be so reformed as to bear the actual date of the grantors' execution of the same, and that their names be inserted in the body of the deed, in lieu of those for whom they were substituted, in accordance with the instructions of the quarterly conference.

After hearing evidence and argument the trial judge refused the injunction prayed, and the plaintiffs excepted.

*G. L. Goode* and *J. H. & Emmett Skelton,* for plaintiffs.

*Bond & McClure, W. R. Little,* and *J. W. Landrum,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.)

1. We think the learned trial judge erred in refusing to restrain the defendants from proceeding with the erection of a school building on the land which had been deeded to the Society at Prospect by Henry Kesler in 1848. There is no evidence that any one has attempted to convey the one acre of land in question in this case, except to the board of education of Franklin County. Had this transaction been perfected the question presented might be different; but in this instance there has been no conveyance to the board of education of Franklin County, for the sufficient reason that the evidence is undisputed that no deed has been delivered to the board of education; it declines to accept any title or interest in the land sought to be conveyed, and in its plea and answer has absolutely disclaimed title. The grantee refuses to accept the gift, and thereby the purported deed is ineffectual and void. It is not

necessary to be decided whether the parties signing the deed were empowered to do so, since the evidence is unequivocal and uncontradicted that the grantees in the deed declined to become parties to the contract.

2, 3. In the trial of the case the defendants in error seem to have recognized that their title depended upon prescription, and much evidence was introduced to show that for fifty years a school has been conducted upon the premises in dispute, and that more than one building has been erected on the lot for school purposes. However, the nature of the evidence is such as to be wholly insufficient to support a title by prescription. Prescription can not arise from permissive possession. In its very essence it must depend upon a possession hostile to and adverse to any other claim. All the evidence in this case shows that at their pleasure the school children and patrons of the school used any and all portions of the ten-acre tract originally donated to the Society at Prospect by Henry Kesler. Likewise, it appears that the members of Prospect Church, so far as appears, without objection, actively assisted in the erection of the school buildings from time to time upon the grounds. Evidence that the members of the church freely used and hitched their stock and parked their automobiles upon the land now claimed by the school is uncontradicted. That the patrons of the school cut and used wood and timber on any portion of the church property without objection is unquestioned. Without recapitulating various circumstances, the evidence, in our opinion, demanded a finding that such possession as was enjoyed by all of the schools from their inception to the present time, instead of purporting to be adverse or hostile to Prospect Church, was merely permitted in behalf of the cause of education, as a temporary contribution to that cause. No witness was introduced to testify that there was ever a survey made of the exact acre intended to be used by the school, or that the precise location and boundaries of this acre were ever agreed to by any one claiming to be an officer of the church prior to the date of the deed, which was not accepted by the grantees and was entirely too recent for purposes of prescription. Prior to February 5, 1924, when the deed was evidently prepared, the trustees of the church, who are defendants in error, did not consider that they had been ousted by prescriptive title, as they were elected by the quarterly conference

at Toccoa for the sole purpose of making the deed to the board of education, after other trustees had refused to do this. The board of education of Franklin County disclaims title altogether, so that as a matter of fact there are no pleadings in the answer to authorize a finding in favor of prescriptive title. In the argument much stress is laid on the fact that several years ago the authorities in charge of the school cleaned off the ground included in the purported deed from the church trustees to the board of education of Franklin County, and beautified it by planting trees and flowers thereon. Considering the evidence as a whole, the course pursued by the congregation at Prospect in its patronage and assistance of a school in this central location for many years, the fact that the trees and flowers would naturally beautify these grounds which were near the church building, and the further fact in the evidence that persons attending services at the church have continued to use, for the purpose of parking their automobiles and hitching their horses, the same location and facilities as they have always used, the planting of trees and flowers do not afford a circumstance sufficient to evidence a claim of right hostile to that of the church, nor a claim of possession adverse to that of the latter.

*Judgment reversed. All the Justices concur.*