FIRST NATIONAL BANK OF GAINESVILLE *et al. v.* HARMON.

ATKINSON, Presiding Justice. In a suit instituted by an alleged tenant in remainder during the lifetime of alleged life-tenants, against third persons claiming title under the life-tenants, to enjoin waste and continuing trespasses by cutting and converting trees standing on described realty, a demurrer and answer were interposed by the defendants alleged to be claiming under the life-tenant. The case was submitted to the judge under an agreed statement of facts, which was broader than the allegations of the petition and showed substantially the whole case. The judge overruled the demurrer, and granted an interlocutory injunction. The defendants excepted. *Held:*

1. In the circumstances no separate ruling will be made on the exception to the judgment overruling the demurrer, and the case will be decided on the exception to the grant of injunction based on the agreed statement of facts showing as will appear hereafter that the plaintiff was not entitled to relief.

2. A plaintiff in a suit to enjoin cutting and converting trees standing on land, as in other cases of injunction, must have some interest or right in the land to protect. The principle is applicable, as in other actions founded on title to land, that the plaintiff in order to recover must do so on the strength of his own title, not on the weakness of the title of his adversary. Code, § 33-101; *Stanford* v. *Mangin,* 30 *Ga.* 355; *Nix* v. *Collins,* 65 *Ga.* 219; *Carter* v. *Greer,* 72 *Ga.* 897; *Graham* v. *Eastman,* 75 *Ga.* 889; *Fullbright* v. *Neely,* 131 *Ga.* 342 (62 S. E. 188); *Delay* v. *Felton,* 133 *Ga.* 15 (65 S. E. 122).

3. Where both parties claim under a common grantor, it is not necessary to show title back of such common grantor. Code, § 33-101; *Garbutt Lumber Co.* v. *Wall,* 126 *Ga.* 172 (54 S. E. 944). The mere fact that both parties claim under a common grantor does not dispense with necessity to show that the plaintiff has acquired title or an interest from the common grantor.

4. The plaintiff's claim of title rests upon construction and application of the paper signed by Atlanta M. Brooks, relied on as a deed creating the alleged estate in remainder. The substance of the paper tended to show that it might have been intended by the maker as a will or as a deed. It was signed by the maker under seal, and attested by two subscribing witnesses, in 1908. The agreed statement of facts showed it was never delivered to the purported grantee or to any other person for her, but was retained in the possession of the grantor until she died on March 26, 1915. After her death it was found among her effects by the purported grantee, who caused it to be recorded. If under proper construction the paper was in the form of a deed purporting to convey to the

848

plaintiff an estate in remainder, it was nevertheless ineffectual to operate as a conveyance, delivery being one of the essentials of a valid deed to land. Code, § 29-101; *Buffington* v. *Thompson*, 98 *Ga.* 416 (25 S. E. 516); *Stallings* v. *Newton*, 110 *Ga.* 875 (36 S. E. 227); *Jenkins* v. *Southern Ry. Co.*, 109 *Ga.* 35 (34 S. E. 355); *Maddox* v. *Gray*, 75 *Ga.* 452; *Willingham* v. *Smith*, 151 *Ga.* 102 (106 S. E. 117).

5. Regarding the paper as a deed, as contended by the plaintiff, the case as made by the pleadings and the agreed statement of facts is the same as if the paper had never been signed. In these circumstances the agreed facts did not show that the plaintiff acquired an interest in the land.

6. Estoppel does not convey title. *Sheppard* v. *Reese*, 114 *Ga.* 411, 413 (40 S. E. 282); *Bussey* v. *Bussey*, 157 *Ga.* 648 (3) (121 S. E. 821); *Peacock* v. *Horne*, 159 *Ga.* 707 (5) (126 S. E. 813); *Alsobrook* v. *Taylor*, 181 *Ga.* 10 (3) (181 S. E. 182). If in the circumstances of the case an estoppel could arise in favor of the plaintiff for any purpose, it could not operate to create title in the plaintiff to an interest in the land.

7. The judge erred in granting an injunction.

*Judgment reversed. All the Justices concur.*

No. 12353. October 11, 1938.

850

*Wheeler & Kenyon* and *Charles J. Thurmond,* for plaintiffs in error.

*Paul W. Hughes* and *Otey B. Mitchell,* contra.