HALL, administrator, *v.* METROPOLITAN LIFE INSURANCE COMPANY *et al.*

No. 13847.   SEPTEMBER 11, 1941.   REHEARING DENIED SEPTEMBER 26, 1941.

*Emory L. Rowland* and *Paul T. Chance,* for plaintiff.

*J. Eugene Cook* and *Jay & Garden,* for defendants.

DUCKWORTH, Justice. When the case was considered by this court before, there was nothing in the petition as amended to indicate that the trust deed had never been delivered. The last amendment, however, shows that the deed in question was never delivered by the grantor, in that it is alleged that the grantor kept both the will and the trust deed after they were executed until his death, when the two instruments thus safely kept and preserved by him were found and thereafter recorded. The first question which this court must now decide is whether or not the document relied upon as a deed was ever delivered as the law requires. If this question

is answered in the negative, it then becomes unimportant whether the description is sufficient or not. The Code, § 29-101, which sets forth the requisites of a deed to land, declares, in part: "A deed to lands must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration." The provision of the statute that a requisite to a deed to land is that it must be delivered must be met in every case, to give validity to such deed. Although the question of non-delivery might have been raised by a special demurrer, it was also raised by the general demurrer, since as we have above construed the amendment it shows on its face non-delivery. Where as in the present case the action depends upon the validity of a deed, the action must fail if there has been no delivery of the deed. *Buffington* v. *Thompson,* 98 *Ga.* 416 (2) (25 S. E. 516). The mere execution of a deed without delivery does not pass title, and will not sustain a suit based upon the deed. *Brown* v. *Story,* 94 *Ga.* 288 (21 S. E. 522); *Story* v. *Brown,* 98 *Ga.* 570 (3) (25 S. E. 582); *Kesler* v. *Verner,* 161 *Ga.* 118 (129 S. E. 843); *Rawleigh Co.* v. *Royal,* 30 *Ga. App.* 706 (3) (119 S. E. 339). Such delivery must be made during the lifetime of the grantor. *Hill* v. *Hill,* 149 *Ga.* 509 (101 S. E. 121); *Willingham* v. *Smith,* 151 *Ga.* 102 (106 S. E. 117); *Stinson* v. *Woodland Bank,* 154 *Ga.* 254 (114 S. E. 181); *Peacock* v. *Horne,* 159 *Ga.* 707 (3) (126 S. E. 813); *Daniel* v. *Stinson,* 179 *Ga.* 701 (177 S. E. 590). In *Maddox* v. *Gray,* 75 *Ga.* 452, it was said: "Delivery of a deed is essential to the conveyance of title thereby. Where it was shown that a deed was made, and that the grantor said that the land belonged to the grantee, but it was proved that the deed was never recorded, and was found by the grantee among the papers of the grantor after his death, there was no sufficient evidence of delivery, and a verdict finding against a title set up under such a deed was right." To the same effect, see *Jenkins* v. *Southern Railway Co.,* 109 *Ga.* 35 (34 S. E. 355); *Stallings* v. *Newton,* 110 *Ga.* 875 (36 S. E. 237); *Underwood* v. *Craven,* 142 *Ga.* 658 (83 S. E. 520); *Helmer* v. *Helmer,* 159 *Ga.* 376 (125 S. E. 849); *First National Bank of Gainesville* v. *Harmon,* 186 *Ga.* 847 (4) (199 S. E. 223); *Plowden* v. *Plowden,* 52 *Ga. App.* 741 (184 S. E. 343). In *Willingham* v. *Smith,* supra, the grantor made a deed to the land involved to Hughey Smith, an imbecile,

for life, with remainder to Mrs. Boney. The deed was attested in the presence of two witnesses, one of whom was an official. It was not recorded. After the death of the grantor the deed was found among the private papers of the maker in an envelope marked in the writing of the maker, "For Hughey." Some time before the grantor's death, he stated to a witness that he had made Hughey a deed to the Cleveland place. About three days before his death he asked the same witness to come back in a short time, saying that he wanted to turn those papers over to the witness. It was held that under these circumstances there was not a delivery of the deed as required by law, and that for this reason the deed was invalid. In the opinion it was said: "The most that can be said is that Sam P. Smith signed the deed for the purpose of thereafter delivering the same. Under the evidence, a finding that any of the acts or words of the maker were intended by him as delivery of the deed, or that by his acts and declarations he intended the deed to become presently operative as a conveyance of title, was unauthorized." The deed under consideration in *Allen* v. *Hughes*, 106 *Ga.* 775 (32 S. E. 927), had been recorded, and the decision there simply held that such recorded deed, which conveyed a life-estate to the wife with remainder to the children, was in proper custody when in possession of the wife, and that the fact that after the death of the grantor the deed was found in a trunk containing papers belonging to both the grantor and the life-tenant was not sufficient to rebut or overcome the presumption of delivery arising from the fact that the deed was duly recorded. The petition as amended, showing on its face that the deed constituting the basis of the suit was never delivered, was subject to general demurrer, and the judgment sustaining the general demurrer and dismissing the petition was not erroneous.

*Judgment affirmed. All the Justices concur.*