FOY, executrix, *v.* SCOTT, executor, *et al.*

No. 14725.   NOVEMBER 30, 1943.

J. G. Roberts and J. D. Stewart, for plaintiff.

Robert B. Blackburn and E. L. Fowler, for defendants.

DUCKWORTH, Justice. Standing timber is realty. Code, § 85-201; *Corbin* v. *Durden,* 126 *Ga.* 429 (55 S. E. 30) ; *Warren* v. *Ash,* 129 *Ga.* 329 (3) (58 S. E. 858) ; *Sirmans* v. *Milltown Lumber Co.,* 130 *Ga.* 82 (60 S. E. 267). Sale of standing timber must, therefore, be in writing. Code, § 29-101; *Coody* v. *Gress Lumber Co.,* 82 *Ga.* 793 (10 S. E. 218) ; *Baucom* v. *Pioneer Land Co.,* 148 *Ga.* 633 (97 S. E. 671) ; *Cherry Lake Co.* v. *Lanier Armstrong Co.,* 10 *Ga. App.* 339 (3) (73 S. E. 610). Delivery is essential to passing of title by such deed. Code, § 29-101; *Buffington* v. *Thompson,* 98 *Ga.* 416 (25 S. E. 516) ; *Brown* v. *Story,* 94 *Ga.* 288 (21 S. E. 522) ; *Story* v. *Brown,* 98 *Ga.* 570 (25 S. E. 582) ; *Kesler* v. *Verner,* 161 *Ga.* 118 (129 S. E. 843) ; *State Banking Co.* v. *Miller,* 185 *Ga.* 653 (196 S. E. 47) ; *First National Bank of Gainesville* v. *Harmon,* 186 *Ga.* 847 (4) (199 S. E. 223) ; *Moore* v. *Moore,* 188 *Ga.* 303, 306 (4 S. E. 2d, 18). Delivery of a deed to another, to be delivered on certain conditions to the grantee, is in escrow. Code, § 29-105. But the second delivery by the escrowee to the grantee, and not the first by the grantor to the escrowee, is the one rendering the conveyance valid and complete and under which title passes. *Wellborn* v. *Weaver,* 17 *Ga.* 267, 274 (12). Therefore, waiving for the present all questions as to whether in the present case the absence of an agreement by the bank to hold the timber conveyance in escrow prevented its being in escrow, we still have no passing of title under the deed, since there has been no second delivery. But if the plaintiff seeks to stand upon an agreement which would prevent J. L. Scott from forestalling delivery, then she is confronted with the fact that he was never a party to that agreement. Although the petition contains allegations of previous agreements with L. D. Scott, it makes no claim whatever that J. L. Scott ever made such agreements or in any wise became bound thereby. It necessarily follows that the verbal agreements conferred no right in the timber upon the plaintiff's intestate.

Nor did they impose any obligation upon the non-resident executor. The written deed conveying the timber was never delivered, and hence, did not become effective, and J. L. Scott was within his rights when he refused to allow the bank to deliver it. The bank is bound to comply with his orders in this regard. The petition alleged no cause of action, and was properly dismissed on general demurrer. *Judgment affirmed. All the Justices concur.*