### 18337. GIUFFRIDA *et al. v.* KNIGHT *et al.*

ARGUED SEPTEMBER 16, 1953—DECIDED OCTOBER 14, 1953.

*Sarah Frances McDonald, B. Hugh Burgess, Young H. Fraser, Fraser & Shelfer,* for plaintiffs in error.

*James A. Branch, Thomas B. Branch, Jr.,* contra.

ALMAND, Justice. Mrs. Erma L. Giuffrida filed in the Court of Ordinary of DeKalb County her application for a year's support out of the estate of her deceased husband, Dr. Frank J. Giuffrida. Mrs. Robert G. Knight and Mrs. Mary Austin Smith, daughter and foster daughter respectively of Dr. Giuffrida, filed their petition in DeKalb Superior Court against Mrs. Giuffrida, wherein it was alleged that Dr. Giuffrida was the owner on or about January 16, 1950, of an undivided one-half interest in a house and lot known as 105 Briarcliff Circle, Atlanta, at which time he executed a deed conveying his interest in the property to the plaintiffs; that said deed was left with his attorney, and after its execution, he on numerous occasions had stated that he had deeded his interest in the property to the petitioners. The prayers of the petition were: that Mrs. Giuffrida be enjoined from proceeding with her application for a year's support insofar as the same seeks to set apart any interest in the 105 Briarcliff Circle property, that judgment be rendered declaring that the acts and declarations of Dr. Giuffrida subsequent to the execution of the deed showed his intent and desire to effectuate a legal delivery of the deed, and that petitioners are the owners of said one-half undivided interest in said property. The defendant in her answer denied that the plaintiffs had any interest in said property, because there had never been a legal delivery of the deed to them. On the trial of the case before the court and a jury, a verdict was returned in favor of the plaintiffs, and a decree was rendered granting the prayers of the petition. The defendant's motion for new trial as amended was denied, and her bill of exceptions brings the case to this court.

1. One of the requisites of a deed to land is that, after it is properly executed and attested, it must be delivered to the grantee

or someone for him. Code § 29-101. To give validity to a deed, the requirements of the above section must be met. The fact that a deed was properly executed does not, without delivery, pass title. *Kesler* v. *Verner*, 161 *Ga.* 118 (129 S. E. 843). "The delivery of a deed is complete as against the maker at the moment when the deed is in the hands or in the power of a grantee or donee or someone for him, with the consent of the grantor and with the intention that the grantee shall hold it as a muniment of title." *Willingham* v. *Smith*, 151 *Ga.* 102, 104 (106 S. E. 117). Where one executes a deed, "the true test of delivery of a deed of conveyance is whether or not the grantor intended to reserve to himself the locus penitentiae." 7 Thompson on Real Estate, § 4113; *Stinson* v. *Daniel*, 193 *Ga.* 844 (2) (20 S. E. 2d 257).

2. "Whether the facts constitute a delivery of a deed is a question of law; whether such facts exist is a question for the jury. Where the undisputed facts are insufficient to constitute a delivery of the deed, the court need not submit the issue of delivery to the jury." *Willingham* v. *Smith*, 151 *Ga.* 102 (2), supra. The main and controlling question in this case is whether or not the evidence was sufficient to support the jury's verdict that the deed of Dr. Giuffrida to the plaintiffs was delivered. All the evidence as to this question is as follows: J. B. Kilbride, an attorney, testified that in January 1950, at the request of Dr. Giuffrida, he prepared a warranty deed conveying the grantor's one-half undivided interest in the property at 105 Briarcliff Circle; that when Dr. Giuffrida first talked to him about preparing the deed, he was uncertain as to whom to name as grantees; that the deed as first prepared did not designate any grantees. When he came to Mr. Kilbride's office to sign the deed, he designated the plaintiffs as the grantees. After the deed was signed by Dr. Giuffrida and properly attested by two witnesses, Mr. Kilbride advised him that the deed should be recorded, and Dr. Giuffrida replied, "Do not record the deed, I will let you know about that." The deed was left in the possession of Mr. Kilbride, and was in his possession at the death of Dr. Giuffrida. Dr. Giuffrida never gave Mr. Kilbride any instructions as to delivery of the deed to anyone. There was testimony of Frank Giuffrida and E. A. Giuffrida, sons of Dr. Giuffrida, James Knight, husband of one

of the plaintiffs, and Avera Austin, a cousin of Mrs. Knight. All testified as to conversations they had had with Dr. Giuffrida before and after the execution of the deed, in which he told them that he had deeded his one-half interest in the property to the plaintiffs; that the deed had been signed and left with Mr. Kilbride. There was testimony that Mr. and Mrs. Knight occupied part of the premises at 105 Briarcliff Circle, Mr. Knight testifying that he wanted to build a mantel and asked Dr. Giuffrida about it, and he said go ahead and do anything you want here, the house belongs to the girls; that this was in the spring of 1950, about March; that they put in a shower, new hot-water tank, and in the fall of 1950 they paid two-thirds of the insurance on the house.

The testimony discloses that, at the time of the death of Dr. Giuffrida, the plaintiff, Mrs. Knight and her husband were living in a terrace apartment at 105 Briarcliff Circle, and that the defendant was also living in a part of the premises.

In *Willingham* v. *Smith,* 151 *Ga.* 102, supra, the plaintiff sought a recovery of land, the claim being based upon a deed which he alleged had been executed to him by one Sam P. Smith, a cousin, with whom the plaintiff resided. The contention of the defendants was that the plaintiff did not have title to the land, because the deed to him had never been delivered. The evidence was that the deed was properly executed, but after the death of the grantor it was found among his papers in an envelope marked, in the grantor's handwriting, "For Hughey," the plaintiff. Prior to the grantor's death, he stated "that he had made Hughey [the plaintiff] a deed to the Cleveland place," the land involved. On the trial the court granted a nonsuit, and the question on review was whether or not the evidence was sufficient to show that there had been a delivery of the deed. This court, in affirming this judgment, held that the most that could be said was that the grantor signed the deed for the purpose of thereafter delivering the same, and that a finding that any of the acts or words of the maker were intended as a delivery of the deed, or that by his acts and declarations he intended the deed to become presently operative as a conveyance of title, was unauthorized. "Delivery of a deed is essential to the conveyance of title thereby. Where it was shown that a deed was made, and that the grantor said

that the land belonged to the grantee, but it was proved that the deed never was recorded, and was found by the grantee among the papers of the grantor after his death, there was no sufficient evidence of delivery, and a verdict finding against a title set up under such a deed was right." *Maddox* v. *Gray*, 75 *Ga.* 452. See also *Hall* v. *Metropolitan Life Ins. Co.*, 192 *Ga.* 805 (16 S. E. 2d 576).

We have examined the cases relied on by the defendant—such as *Preston* v. *Ham*, 156 *Ga.* 223 (119 S. E. 658), and *Mays* v. *Fletcher*, 137 *Ga.* 27 (72 S. E. 408)—and these cases may be differentiated from the present case, in that the evidence as to intent of the grantor to effectuate delivery was held to be sufficient to support a finding that a delivery had been made. In the *Preston* case, after the grantor had executed certain deeds during her last illness, she gave directions about the delivery of the deeds, instructing her cousin as to where the deeds were, and directing her to get them and deliver them to the grantee. In the *Mays* case, the grantor, after duly executing the deed, had it recorded, and on the trial it was in the possession of the plaintiffs as successors in title of the grantees in the deed. The ruling made in the fifth headnote in *Rushin* v. *Shields*, 11 *Ga.* 636 (56 Am. D. 436), as follows: "If a deed be signed and sealed, and declared by the grantor in the presence of the attesting witnesses, to be delivered as his deed; it is an effectual delivery, provided there be nothing to qualify the delivery, notwithstanding the grantee was not present, nor any person in his behalf, and the deed remained under the control of the grantor"—relied on by the plaintiffs—which was subsequently quoted with approval in *Holly* v. *Whitehurst*, 164 *Ga.* 265 (138 S. E. 231), was expressly disapproved in *Stinson* v. *Daniel*, 193 *Ga.* 844, supra; as not being in harmony with other rulings of this court.

In our opinion, the evidence was not only insufficient to authorize a verdict in favor of the plaintiffs on the question of delivery, but demanded a finding that there had not been a delivery of the deed.

In view of the above rulings, it becomes unnecessary to pass upon the assignments of error in the amended motion for a new trial.

*Judgment reversed. All the Justices concur.*