## HOLLY, executor, v. WHITEHURST.

1. The evidence authorized the verdict.
2. In the fourth ground of the motion for new trial error is assigned upon the following charge of the court: "The plaintiff insists that J. D. George made and delivered that deed to T. B. Holly, and that T. B. Holly placed it upon record, and thereafter exercised ownership over the land and rented a part of the land." And in the fifth ground of the motion exception is taken to the following additional charge which the court gave to the jury in connection with the charge just quoted: "The plaintiff also contends that the deed was properly witnessed as required by law; that it was placed on record, and that that, of itself, raised the presumption of delivery, and that that also, coupled with the contention of the plaintiff that he went into possession of the land, bound T. B. Holly by the terms of the deed and made him liable for the payment of the debt which J. D. George owed to J. H. Whitehurst, named in the deed, the amount of that debt being set forth in the deed." There was no error in those charges. They were authorized by the evidence and adapted to the controlling issue in the case.
3. No material error is shown in the portions of the court's charge excepted to in the other grounds of the motion for a new trial, nor in the failure of the court to submit to the jury the question of the solvency or insolvency of one of the defendants.

*No.* 5789. · MAY 4, 1927.

Equitable petition. Before Judge Yeomans. Early superior court. December 15, 1926.

Whitehurst filed a petition against George and Holly, alleging as follows: Petitioner held George's note for $700, which was past due, and also held a deed made to him by George to secure this note, the security deed conveying a certain tract of fifty acres of land. Subsequently to the execution of the note and security deed George conveyed his land, including the land described in the security deed from George to Whitehurst, together with certain personal property, to Holly by a deed; that the consideration of this deed was $8,500, and it contained the following stipulation: "The above property is subject to mortgage to J. H. Whitehurst for about $700; also fi. fa. in favor of Armour Fertilizer Works for about $250; also crop mortgage in favor of Charles Forman for about $600, and another crop mortgage in favor of the Citizens Bank of Blakely for about $200; all of which grantee herein

Deeds, 18 C. J. p. 197, n. 20; p. 199, n. 30; p. 201, n. 42, 43; p. 208, n. 22; p. 212, n. 57; p. 214, n. 83, 85; p. 413, n. 84, 86; p. 438, n. 62; p. 439, n. 63, 68.

Mortgages, 41 C. J. p. 743, n. 90; p. 751, n. 89.

Trial, 38 Cyc. p. 1610, n. 88, 90; p. 1724, n. 93; p. 1738, n. 64, 66, 68.

assumes and agrees to pay; said land is also subject to a mortgage for $400; all of which indebtedness is a part of the consideration herein above expressed." This deed was delivered by George to Holly, who accepted it, filed it for record, and took possession of the property described in it. George is insolvent. Holly failed to pay petitioner's debt, and failed to pay the secured debt to Forman described in the deed, but on the contrary allowed the debt to Forman to continue due and Forman to advertise and sell the land under a power of sale contained in his deed, said land being sold at public outcry to one Watson. The land described in petitioner's security deed was embraced in the land described in Forman's security deed under which such sale was made. Plaintiff prayed that it be decreed that a stated amount was due him upon his note; that it be decreed that Holly had assumed the payment of such debt and was liable to petitioner therefor; and that process issue directed to both George and Holly. No relief was prayed against George.

Upon the trial, after the submission of evidence and the charge of the court, the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, containing the usual general grounds; and this was afterwards amended by the addition of certain special grounds assigning error upon the charges of the court, which special grounds are, in addition to those specially dealt with in the headnotes and the opinion, based upon exceptions to the following excerpts from the court's charge:

"Now I have undertaken to state to you briefly, but not fully, the contentions of the respective parties. The statement of the court as to the contentions of the respective parties is not binding upon you; the pleadings will be out with you, the petition of the plaintiff and the answer of the defendant, T. B. Holly, and you may read those pleadings, if you see fit, for a fuller and more com plete elaboration of the contentions of the respective parties, remem bering, however, that the pleadings themselves are not evidence and you are not bound by anything in the pleadings, unless admissions are made therein. It is for you to say, under all the facts and circumstances and the evidence in the case and pleadings in the case, what the contentions of the respective parties are. The plaintiff in this case asks for a judgment against T. B. Holly, or his executor, H. H. Holly, for the amount now due upon the debt

which he alleges that J. D. George owes him and which he insists that Holly is bound to pay.

"If, upon consideration of the evidence in the case, you find there is a conflict in the testimony between the witnesses, or a conflict between one or more witnesses, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness; but if you can not do that, it then becomes your duty to believe that witness or those witnesses you think best entitled to belief, and you may consider their credibility, as previously explained. The jury, gentlemen, are at last the sole and exclusive judges of what witness or witnesses they will believe, and what testimony they will credit or discredit.

"I charge you, gentlemen, as stated, that if you believe from the preponderance of the evidence that J. D. George made and executed a deed conveying certain lands described in the petition, and which deed, as the court understands, was admitted in evidence, to the defendant, T. B. Holly, and that deed contained a stipulation that T. B. Holly was to pay to J. H. Whitehurst the debt it is alleged that J. D. George owed to Whitehurst, and that the deed was delivered to T. B. Holly, then I charge you that T. B. Holly would be bound by the stipulations contained in the deed, and that he would be bound to pay the debt which J. D. George owed to Whitehurst, if any; and if you find that to be true, then you would be authorized to return a verdict in favor of the plaintiff against T. B. Holly for whatever amount, if any, you may find to be due on the debt, if any, which J. D. George now owes to J. H. Whitehurst.

"It is, as the court understands, contended that the deed from J. D. George to T. B. Holly was never delivered to him. Now, I charge you that the delivery of a deed may be actual; that is, by the manual delivery from the maker of the deed to the purchaser of the property, that is, from the maker in this case, from J. D. George to T. B. Holly; or there may be a constructive delivery.

"Now, should you find from the evidence in this case that J. D. George made and executed in proper form a deed conveying to T. B. Holly certain lands therein described, with certain stipulations therein, and that among the stipulations that T. B. Holly was to pay the debt claimed by the plaintiff as being owing him by J. D. George, and that deed is, I say, properly executed and recorded,

then you would be authorized in presuming, nothing else appearing, that the deed was delivered. And should you find that to be true, and nothing further appearing, then you would be authorized in finding for the plaintiff whatever amount you may find to be due on the debt of George to Whitehurst, if any.

"I charge you, further, that you may look into all the facts and circumstances and see whether or not the defendant, T. B. Holly, exercised any acts of ownership over the land, whether he rented any part of the land described in the deed from J. D. George to T. B. Holly; then you may take that along with all the facts and circumstances in the case, to see whether or not the deed was delivered, and whether or not the defendant, T. B. Holly, would be bound by it. I charge you further, that if the defendant, T. B. Holly, knew of the stipulations therein, and went in possession of the land or exercised acts of ownership thereafter, then he would be bound by the stipulations in the deed."

Upon the hearing the motion for a new trial was overruled, and the movant excepted.

*W. I. Geer* and *C. L. Glessner,* for plaintiff in error.

*W. L. Stone* and *A. H. Gray,* contra.

BECK, P. J. (After stating the foregoing facts.) The plaintiff in error in this case is H. H. Holly in his representative capacity as executor of the estate of T. B. Holly, deceased. The latter was a party to the case when it was first tried and upon its appeal to this court. The decision in the case on the first appeal is found in 162 *Ga.* 323 (*Whitehurst* v. *Holly*), and the foregoing statement of facts is substantially the same as that contained in the report of the case in the volume of Georgia Reports just referred to.

1. It was said, when this case was here before: "George executed a deed conveying certain lands to Holly for a valuable consideration; and the deed contained the stipulation, after reciting the existence of certain liens upon the land in favor of other parties, among them a mortgage to the plaintiff in this case, that 'the grantee herein assumes and agrees to pay' the debts secured by the liens and mortgages before recited. Holly in his answer denied that the deed was delivered to him and accepted by him. The evidence as to the deliverance and acceptance of the deed was conflicting. If the grantee did accept it, he was liable under the clause which we have quoted above, as to the payment of the debts

specified. *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245); *Union City Realty &c. Co.* v. *Wright,* 138 *Ga.* 703 (76 S. E. 35); *Williams* v. *American Tie &c. Co.,* 139 *Ga.* 87 (76 S. E. 675). The conflict in the evidence made a question for the jury." Under that ruling, the evidence in the present record being substantially the same as upon the first trial, it is adjudicated that the evidence is sufficient to support a verdict in favor of the plaintiff.

2. The contention that the charges which are quoted in the second headnote were not authorized by the evidence in the case is without merit. When this case was here before it was said: "Holly in his answer denied that the deed was delivered to him and accepted by him. The evidence as to the deliverance and acceptance of the deed was conflicting. . . The conflict in the evidence made a question for the jury." This is a direct adjudication that there was evidence as to deliverance and acceptance of the deed; and the jury having found on the last trial in favor of that contention of the plaintiff, that finding can not be disturbed on the ground that there was no evidence to support that finding; and the judge having charged them upon the question of deliverance and acceptance, it can not be said that there was no evidence to authorize such a charge. The ruling made in that case, and which we have quoted, is abundantly sustained by other authorities than those quoted in the former decision; and it may not be out of place to quote from the evidence of the original defendant in the case, the present defendant's testator, to show that there was evidence which authorized, if it did not require, a finding that the deed was delivered—that is, constructively delivered and accepted. T. B. Holly himself testified: "I have never had any such deed [the deed in question in this case] in my custody or control, nor have I any record of any such deed, nor have I ever accepted from Mr. George or any one else any such deed, nor have I ever come into possession of any such land as is described in such deed, nor been in possession at any time of the property described in said deed nor any of the stock or personal property described in it. Mr. George told me that he was embarrassed and would like to get it straightened out, and wanted me to let him make a deed to me for what he had. He said that Mr. Stone had an execution against him and was pushing it, and there was no danger in it for me, as he just wanted to keep Stone off of him with that guano execution.

Mr. George came down there about three times, and I did consent for him to make the deed, provided it would not get me into any trouble about it, and that is all I ever knew about it until I got a copy of this suit. Mr. George did not tell me when he made the deed. He made the deed and filed it of record, and came out there and told me that he had done this, and I made no objection at that time. Mr. George told me that this property would be subject to Forman's debt. I expect that I knew that Mr. George owed Mr. Whitehurst this debt. Mr. George told me at that time that he was pretty badly involved, and that is the reason that I consented to let him make the deed so as to put title in me over this property to keep the claim that Mr. Stone had off of George until he could take it up. I think that I recall taking a rent note the following year, 1924, payable to me, from one of Mr. George's sons for the rent. I reckon one of Mr. George's sons executed a note to me for the year 1924 for rent on that place [the lands in question]; he delivered this note to me, and I put it up as collateral security with Dr. Middleton for guano. I know Mr. H. H. Cowart. I recall an occasion in the early part of 1924 when I was penning up some cattle down about Judge Sheffield's still, when Mr. Cowart came to see me and asked me to surrender that note to him. I did not let him have the note. I knew that there had been a sale of the land under Forman's paper. I did not tell Mr. Cowart that George did not owe me anything else besides the guano debt. In 1924 I took a rent note from young George for a little better than $200. I collected some peanuts on this. The note was collected and applied on a debt owed by Mr. George and myself to some fertilizer company. This guano debt was Mr. George's debt, but I was responsible for it, as I had indorsed the note for him to get the guano. This guano debt was made in the early part of 1923, before George made me the deed."

This evidence does not stand alone; but if it needs corroboration, it had corroboration. Besides this, a proper and legal registry of an instrument raises a presumption of delivery, sufficient to establish the fact unless rebutted. It was so held in the case of *Stallings* v. *Newton,* 110 *Ga.* 875 (36 S. E. 227), which is referred to in the brief of counsel for plaintiff in error. In *Rushin* v. *Shields,* 11 *Ga.* 636 (56 Am. D. 436), it was said: "If a deed be signed and sealed, and declared by the grantor, in the presence of the

attesting witnesses, to be delivered as his deed, it is an effectual delivery, provided there be nothing to qualify the delivery, notwithstanding the grantee was not present, nor any person in his behalf, and the deed remained under the control of the grantor. The delivery of a deed may be inferred from its possession by the grantee or from his possession of the land under the deed." And it was said in *Mays* v. *Fletcher,* 137 *Ga.* 27 (72 S. E. 408), that "The delivery of a deed is necessary to its validity, but delivery may be inferred from various circumstances. . . The mere retention by the grantor is insufficient to overcome the circumstances which afford an inference of the delivery of the deed." Numerous other decisions by this court might be quoted from or cited, but it is unnecessary. Outside authorities are to the same effect. See 18 C. J. 208, 212, 214, 413, 438, 439, and the authorities cited in support of the portions of the text here referred to.

3. The remaining grounds of the motion, which contain exceptions to those portions of the court's charge set forth in the statement of facts, show no error requiring the grant of a new trial. So far as criticism is made upon the charge that it did not submit the question of George's insolvency to the jury and did not submit that question in any other part of the charge, it may be said that the jury would not have been authorized to find that George was solvent. The uncontradicted evidence in the case is to the effect that he was insolvent. He was a witness for the defendant, and testified that he was insolvent. Another witness who knew his financial condition testified that he was insolvent, and this direct testimony is corroborated by the facts and circumstances set forth in evidence.

*Judgment affirmed. All the Justices concur.*