**In re Lee FULKS, Debtor.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

v.

**Lee FULKS and Maxine J. Waddell, Defendants.**

**Bankruptcy No. 83–01620A. Adv. No. 84–0274A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 21, 1984.

Thomas E. Prior, McCalla, Raymer, Padrick, Cobb & Nichols, Atlanta, Ga., for plaintiff.

Maxine J. Waddell, Atlanta, Ga., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The hearing on plaintiff's motion for summary judgment took place on November 8, 1984, at which time the Court considered the undisputed facts as established by the pleadings, affidavits, and testimony of the defendant, Lee Fulks. Based upon that evidence the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1.

The plaintiff, Federal National Mortgage Association, is the owner and holder of a security deed dated October 24, 1980, with Lee E. Fulks as grantor, and The Commonwealth Corporation as grantee. The security deed was duly recorded on the records of the Clerk of the Superior Court of Fulton County on October 28, 1980, at Deed Book 7682, Page 388. The subject real property is a single family residence at 4130 Will Lee Road, College Park, Georgia.

2.

On or about November 17, 1980, The Commonwealth Corporation ("Commonwealth") assigned and transferred the security deed (and the note which it secures) to plaintiff. A copy of the assignment, recorded at Deed Book 7703, Page 8, Fulton County Deed Records, is attached to the complaint as Exhibit "C".

3.

On or before February, 1982, the security deed went into default for failure to make monthly payments.

4.

By warranty deed dated September 1, 1982, the debtor transferred title to the subject real property to Linda M. and Larry Avery. The warranty deed was recorded on the records of the Clerk of the Superior Court of Fulton County on November 4, 1982, at Deed Book 8281, Page 3, two months after the deed was dated. A true copy of that warranty deed is attached as Exhibit "D" to the complaint. The debtor's attorney, defendant M.J. Waddell, served as a witness on that warranty deed.

5.

As a result of the defaults under the terms of the security deed, plaintiff placed the subject loan in foreclosure with a scheduled September 7, 1982 foreclosure sale. On September 7, 1982, six days after the date of the warranty deed from Lee Fulks to the Averys, the debtor filed his first Chapter 13 petition in this Court, case No. 82-04195A. Even though the September 1, 1984 warranty deed to the Averys was already signed, the Chapter 13 filing was apparently to obtain the automatic stay of 11 *U.S.C.* § 362(a) and thereby enjoin the foreclosure sale. Plaintiff's attor-

ney, ignorant of the September 1, 1982 warranty deed and believing the debtor to be the owner of the property, discontinued the foreclosure proceeding after being notified by the debtor's attorney, M.J. Waddell, of the Chapter 13 filing.

6.

On January 25, 1983, defendant Fulks' first bankruptcy case, No. 82–04195A, was dismissed at his instance. A copy of the order of dismissal is attached as Exhibit "E" to the complaint.

7.

With the subject loan remaining in default after the bankruptcy dismissal, plaintiff reinstituted foreclosure with a scheduled foreclosure date of April 5, 1983.

8.

On the morning of April 5, 1983, the debtor's attorney, defendant M.J. Waddell, notified plaintiff's attorney that defendant Fulks had filed a second Chapter 13 petition, this one on April 5, 1983, case No. 83–01620A. Ms. Waddell confirmed this notification by letter dated April 5, 1983, a copy of which is attached to the complaint as Exhibit "F". This notification lead plaintiff's attorney to believe that the debtor owned the property and that the Chapter 13 filing enjoined the sale. Therefore, plaintiff's attorney again ceased the foreclosure proceedings.

9.

After discontinuing foreclosure proceedings, plaintiff determined that the record title holders of the property were still in fact Larry and Linda M. Avery by virtue of the September 1, 1982 warranty deed. Plaintiff thus concluded that the bankruptcy filing by defendant Fulks on April 5, 1983, did not enjoin foreclosure. Accordingly, plaintiff reinstituted foreclosure proceedings with a scheduled sale date of June 7, 1983.

10.

Notices of the June 7, 1983 foreclosure sale were duly published in the Fulton County Daily Report once a week for four (4) consecutive weeks preceding the sale date.

11.

By letters dated May 11, 1983, the debtor, as well as Larry Avery, was notified of the foreclosure sale and provided a copy of the foreclosure advertisement. Copies of the letters dated May 11, 1983, to Mr. Fulks and Larry Avery are attached as Exhibits "G" and "H" to the complaint.

12.

The foreclosure sale took place on June 7, 1983, at 12:37 p.m. at which time the property was auctioned to the highest bidder, the plaintiff, for a bid of $54,548.00.

13.

By letter dated June 17, 1983, a copy of which is attached as Exhibit "I" to the complaint, plaintiff, through its attorneys, notified the Veterans Administration that plaintiff had, pursuant to the VA Loan Guaranty, elected to convey the property to the Administrator of Veterans Affairs by special warranty deed.

14.

Pursuant to the VA Loan Guaranty and the letter dated June 17, 1983, a deed under power in favor of plaintiff was executed along with a separate deed entitled Special Warranty Deed by which plaintiff conveyed the foreclosed property to the Administrator of Veterans Affairs. Copies of these deed are attached as Exhibits "J" and "K" to the complaint.

15.

On or about February 22, 1984, the Veterans Administration was informed that the debtor, rather than the Averys, claimed ownership of the property at the time of the June 7, 1983 foreclosure sale by virtue of a warranty deed dated April 22, 1983 (copy attached to the complaint as Exhibit "L"). The Veterans Administration directed plaintiff to resolve any possible title problems resulting from that deed, which pre-dated the foreclosure.

16.

The warranty deed dated April 22, 1983, with Linda M. Avery and Larry Avery, as grantors, and Lee E. Fulks, as grantee, was recorded on the records of the Clerk of

the Superior Court of Fulton County on October 20, 1983, almost six months after the date of the deed, with the recording at Deed Book 8694, Page 177. Defendant Fulks testified that this warranty deed was not delivered to him until around October 20, 1983, the date of recording. Thus, the delivery of that deed took place after the June 7, 1983 foreclosure sale.

17.

If the June 7, 1983 foreclosure sale had not taken place, the subject loan would be in default for 31 months through September, 1984, for a total delinquency of $19,634.16, plus attorney's fees and costs. The payoff on the loan as of September 1, 1984 would be at least:

| | |
|---|---|
| Principal | $49,316.70 |
| Interest (from 2–1–82) | 16,541.52 |
| Taxes and insurance advanced | 567.65 |
| Attorney's fees paid | 910.00 |
| TOTAL | $67,335.87 |

18.

Mr. Fulks has tendered no mortgage payments to Commonwealth since his latest bankruptcy filing on April 5, 1983.

## CONCLUSIONS OF LAW

■ Based upon the foregoing findings of fact the Court concludes that the foreclosure sale conducted by plaintiff on June 7, 1983, was not stayed by defendant Fulks' Chapter 13 petition filed April 5, 1983. At the time of the foreclosure sale record title to that property was held by Linda M. and Larry Avery through a warranty deed executed by defendant Fulks on September 1, 1982. Record title remained in the Avery's until October 20, 1983 when a warranty deed dated April 22, 1983, from the Averys to defendant Fulks was recorded. While that latter warranty deed was dated April 22, 1983, the defendant testified that said deed was not delivered to him until around the time of recording, in October, 1983. Because delivery of a deed is essential for the passing of title under Georgia law (See *Stinson v. Woodland Bank*, 154 Ga. 254, 114 S.E. 181 (1922)), clearly defendant Fulks did not have title to the property when the June 7, 1983 foreclosure sale took place. Without title, the property was neither property of the estate nor property of the debtor; thus, there was no automatic stay under 11 *U.S.C.* § 362(a) to prevent carrying out that foreclosure sale.

■ Even if the Court were to conclude that the property were property of the debtor or property of the estate, the Court would nevertheless hold that any stay which existed under 11 *U.S.C.* § 362(a) should be *annulled* under 11 *U.S.C.* § 362(d), so as to validate the June 7, 1983 foreclosure sale. The facts of this case reveal that the plaintiff has attempted on three occasions to carry out a foreclosure sale while the subject mortgage loan was seriously in default. On the first two occasions plaintiff ceased foreclosure upon notification from Mr. Fulks' attorney that the debtor had sought relief under Chapter 13. The undisputed facts show that the debtor in fact did *not* hold title to the property at the first two foreclosure attempts because of the warranty deed he signed dated September 1, 1982. At the third attempt to foreclose on June 7, 1983, plaintiff checked title and confirmed that defendant Fulks was not record title owner. Furthermore, the facts show that the defendant Fulks offered no proof to plaintiff or its attorney that he had acquired title prior to that foreclosure sale. Under these facts the Court holds that if a stay existed under 11 *U.S.C.* § 362(a) as a result of the April 5, 1983 Chapter 13 filing, that stay is ANNULLED under 11 *U.S.C.* § 362(d) so as to validate the foreclosure sale conducted by plaintiff on June 7, 1983.

Based on the foregoing the Court grants plaintiff's motion for summary judgment on the issue of the validity of the June 7, 1983 foreclosure sale.